# Updegraff, Appellant, *v.* Snyder.

*Appeals—Failure to print portions of record—Ejectment—Quashing appeal.*

Failure to print præcipe, writ and declaration on an appeal from judgment in ejectment, is ground for quashing the appeal.

*Land law—Unseated land—Seated land—Tax sale—Boundary.*

In an ejectment where the plaintiff relies on a treasurer's sale of unseated land, and the evidence shows that the land in the possession of the defendant had long been in the actual possession and occupancy of defendant and predecessors in title, and was in fact seated, a presumption of law arises, in the absence of evidence, that there were no unpaid taxes on the unseated list which would support a treasurer's sale of any part of such lands in the possession of the defendant.

Where, in ejectment, the plaintiff's declaration, præcipe and writ describe the land claimed as bounded on the east by a particular warrant and survey, the plaintiff cannot recover any land east of that line.

Argued Feb. 25, 1908. Appeal, No. 3, March T., 1908, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1906, No. 199, on verdict for defendants in case of Asher D. Updegraff v. F. P. Snyder and Edward Holt. Before RICE, P. J.,

PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Ejectment for land in Lewis township. Before HART, P. J.
The opinion of the Superior Court states the case.
Verdict and judgment for defendants. Plaintiff appealed.

*Errors assigned* were various instructions.

*H. W. Whitehead,* for appellant, cited: M'Coy v. Michew, 7 W. & S. 386; Russell v. Werntz, 24 Pa. 337; Foust v. Ross, 1 W. & S. 501; Dikeman v. Parrish, 6 Pa. 210; Troutman v. May, 33 Pa. 455; Wheeler v. Winn, 53 Pa. 122; Hull v. Campbell, 56 Pa. 154.

*G. B. M. Metzger,* with him *W. C. Gilmore,* for appellees, cited: Kennedy v. Daily, 6 Watts, 269; Biddle v. Noble, 68 Pa. 279; Norris v. R. R. Co., 218 Pa. 88; Philadelphia v. Miller, 49 Pa. 440; Carbon Run Improvement Co. v. Rockafeller, 25 Pa. 49; Manhattan Coal Co. v. Green, 73 Pa. 310.

OPINION BY MORRISON, J., April 20, 1908:

In this action of ejectment there was a verdict and judgment thereon in favor of the defendants, and the plaintiff appealed.

The learned counsel for plaintiff has not seen fit to print his præcipe, writ and declaration, and if we were to enforce the rules strictly, he could not justly complain if his appeal were quashed. But having carefully examined the case we are enabled, with the help of the appellee's paper-book, to understand, as we think, the merits of the controversy.

The plaintiff's declaration, as found in the appellee's book, clearly states that the suit is brought to recover land, in the possession of the defendants, lying west of the west line of the John Bausman warrant No. 332. The case was tried on the theory that the defendants were in the wrongful possession of the Joseph A. Bostley warrant, dated May 2, 1876. This warrant called for vacant land, adjoining lands of David

Reynolds and John Bausman, No. 332, on the east. The latter warrant was located on the ground and it was dated May 17, 1785. The survey was made and a return of the same to the land office on May 6, 1795, and a patent was granted for the land so surveyed, from the commonwealth on April 3, 1873, to Henry Godcharles. No patent was issued for the Joseph A. Bostley warrant and survey till April 24, 1905.

As the case was tried the plaintiff finally relied on a treasurer's sale, in 1894, of the Bostley warrant on the unseated list, for unpaid taxes. The assessment was for ninety-nine acres, in the name of Joseph A. Bostley, in Lewis township, and the land was identified in no other manner. The theory on which the plaintiff undertook to recover was that the Bostley warrant interfered with the Bausman land by overlapping it twenty or thirty rods along its western boundary, and the defendants not showing that the Bausman land had been assessed and the taxes paid thereon, the assessment and sale of the Junior Bostley warrant carried title to so much of the Bausman land as was so overlapped by the Bostley warrant. The plaintiff proved the defendants in possession of so much of the Bausman land as was overlapped by the Bostley survey and patent. The difficulties in the way of the plaintiff's theory were several: (a) The Bausman warrant, survey and patent were the elder, and the west line of the land covered thereby was located on the ground before the Bostley warrant was even thought of, and the latter called for the west line of the Bausman as its east boundary. (b) The evidence shows that the Bausman land in the possession of the defendants was seated, it having long been in the actual possession and occupancy of the defendants and their predecessors in title who resided thereon. Therefore a presumption of law arose, in the absence of evidence, that there were no unpaid taxes, on the unseated list, which would support a treasurer's sale of any part of such lands in the possession of the defendants. The assessment and sale relied on by the plaintiff, in the name of Joseph A. Bostley, without more, would not pass title to the Bausman land in the possession of the defendants. (To avoid confusion it should be noted that one of the prede-

cessors in title of the defendants was Augustus Bostley, but he is not the Joseph A. Bostley to whom the warrant above mentioned was issued. He was an owner and possessor of a portion of the Bausman land.) (c) The plaintiff's declaration and, as we feel justified in assuming, præcipe and writ, described the land he claimed as bounded on the east by the John Bausman warrant and survey. Therefore he could not recover any land east of that line. (d) The learned court below clearly instructed the jury to find, under conflicting evidence, where the line between the Bausman and the Bostley warrants was actually located, telling them that if the defendants were in possession of any land described in the declaration, west of the line between the said warrants, the plaintiff could recover; but if the defendants were not in possession of any such lands, the verdict must be for the defendants.

Under the pleadings and evidence we think the learned court correctly tried the case and adequately instructed the jury. Furthermore, in our opinion, the verdict is in accordance with the weight of the evidence.

The assignments of error are all dismissed and the judgment is affirmed.